## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JACQUELINE HART

    Plaintiff,

    v.                                                                      Case No. 10-C-824

ROUNDY'S SUPERMARKETS, INC,

    Defendant.

## **DECISION AND ORDER**

    The plaintiff, Jacqueline Hart, filed this action against defendant Roundy's Supermarkets, Inc., alleging that Roundy's violated her rights under the Americans with Disabilities Act (ADA, as amended, 42 U.S.C. § 12101 et seq.. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

    The defendant has filed a motion to compel the independent psychological examination of the plaintiff related to her cognitive disability and emotional distress claims. (Defendant's Motion to Compel]. (Docket # 16). The plaintiff opposes the motion which will be addressed herein.

## **ANALYSIS**

    In seeking to compel an independent psychological examination of the plaintiff, the defendant asserts that the plaintiff has placed her mental and cognitive capabilities in

controversy and, therefore, it needs to learn about the nature, extent and duration of her alleged learning disability that the severe emotional distress for which she seeks damages. The defendant points out that the plaintiff claims that she has and continues to suffer "emotional distress, anxiety, feelings of humiliation, social withdrawal, fatigue, episodes of crying, has had problems sleeping, cannot go the Roundy's store where she worked without feeling anxiety, decreased self-confidence, hypervigilance, disruption in her lifestyle" as a result of her employment with the defendant. (Complaint, ¶ 22). The plaintiff also claims that she has been diagnosed with post traumatic stress syndrome (PTSD) and anxiety as a result of this employment. (Complaint, ¶ 24) and that she continues to see a psychologist for her emotional distress. In addition, the plaintiff maintains that she has been unable to work because of her alleged mental condition. The defendant points out that the plaintiff has retained a licensed psychologist as an expert to support her claim of severe emotional distress and that, in his report, he "opines that 'the combination of [the plaintiff's] anxiety disorder with her cognitive disabilities has effectively rendered her unemployable.'" (Defendant's Motion to Compel at 3 (citing Exh. B. at 4).

The defendant states that it has retained Sara J. Swanson, Ph.D., a licensed neuropyschologist with the Medical College of Wisconsin, to conduct the independent medical examination of the plaintiff. The defendant states that Dr. Swanson will be testing the plaintiff on a variety of domains, including memory, language, conceptional reasoning and executive functioning. According to the defendant, it has not dictated the tests to be performed to properly assess the plaintiff's claims of cognitive disability and emotional distress, including PTSD. Rather, such decisions are properly made by Dr. Swanson based on her knowledge, training and experience. Moreover, according to the defendant, Dr Swanson will not disclose

the names of the exact tests she will perform in order to maintain the integrity of the testing results and prevent coaching that would impact the validity of the test results. Dr. Swanson will permit the plaintiff's mother to sit in on her initial interview with the plaintiff, but, "pursuant to medical ethics rules, Dr. Swanson will be required to ask Plaintiff's mother to leave the evaluation room if Plaintiff's mother begins to answer on behalf of Plaintiff." (Defendant's Motion to Compel at 5).

In opposing the motion, the plaintiff acknowledges that her mental condition is in controversy, but that the defendant has failed to meet the requirements of Rule 35 of the Federal Rules of Civil Procedure to compel an adverse forensic examination. See Plaintiff's Opposition to Defendant's Rule 35 Motion to Compel a Psychological Examination of Plaintiff [Plaintiff's Opposing Brief] at 1. The plaintiff states that the defendant will not specify what tests its examiner will administer, the manner in which the tests and examination will occur and will not commit to a duration of the testing. The plaintiff contends that, given the scant information provided by the defendant, neither she nor the court "can determine whether the tests are relevant, appropriate, or even redundant with information already available." (Plaintiff's Opposing Brief at 5).

The plaintiff states that she has supplied the defendant with medical records from her treating healthcare professionals, including disability examinations and determinations from the Social Security Administration. In addition, she states that Dr. Grunert, the licensed psychologist who interviewed and tested the plaintiff as part of his forensic evaluation, offered to make the raw data from his tests available to the defendant. The plaintiff also asserts that the defendant objects to having an observer present while the tests are conducted.

Rule 35(a)(1) of the Federal Rules of Civil Procedure provides in relevant part: "The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The court's order "may be made only on motion for good cause and on notice to all parties." Fed. R. Civ. P. 35(a)(2)(A). In this case, the plaintiff acknowledges that her mental condition is in controversy. Therefore, the issue before the court is whether the defendant had demonstrated good cause for the mental examinations requested.

The plaintiff's experts, Brad Grunert, Ph.D. and Miriam Schechter, M.D., have evaluated the plaintiff's mental condition. Under the circumstances, the defendant has the right to challenge the and the plaintiff's claim that she was and continues to be harmed by its actions. Roberson v. Bair, 242 F.R.D. 242 F.R.D. 130, 137 (D.D.C. 2007); Gategno v. Price Water House Coopers, L.L.P., 204 F.R.D. 228, 233 (D. Conn. 2001) (An independent examination is needed to "preserve equal footing of the parties' and ensure a fair trial.). Although the plaintiff implies there might be overreaching by Dr. Swanson in her examination of the plaintiff, the plaintiff has presented no evidence to support this suggestion. Dr. Swanson, as her curriculum vitae shows, is a well-trained, well-educated and licensed neuropsychologist who is bound by medical ethics rules. Dr. Swanson will use her medical judgment in properly assessing the plaintiff's cognitive disability and emotion distress, including PTSD. There is no evidence that before the court that Dr. Swanson's examination will be overreaching in manner, scope or duration. Furthermore, the defendants assert, contrary to the plaintiff's contentions, that it does not have all of the plaintiff's medical records.

As noted, Dr. Swanson will be testing the plaintiff on various domains, including memory. language, conceptual reasoning and executive functioning. She will follow standard

medical practice and, in her professional judgment, utilize the clinical process and tests that are recognized and would be used by other recognized and licensed professionals if they were performing an evaluation of the plaintiff's cognitive abilities and mental health claims. The court finds that the scope and manner of the examination are appropriate under the circumstances. Accordingly, the defendant has established good cause to conduct its psychological examination of the plaintiff.

The plaintiff's requests that a neutral, third party healthcare professional accompany the plaintiff and observe Dr. Swanson's examination of her "to monitor [the plaintiff] well being throughout the examination, ensure appropriate breaks are permitted, and that the examination is not harassing or otherwise harmful to [the plaintiff]. (Plaintiff's Opposing Brief at 8). This observer could also report back to "[plaintiff's] counsel the manner and conduct of the examination, as [the plaintiff's] cognitive limitations may affect her ability to comprehend, understand, and communication these matters." Id. at 8-9. The plaintiff cites not authority to support the need for an observer with such an expansive role in the examination process. Moreover, as the court observed in Scheriff v. C.B. Fleet Co., 2008 U.S. Dist. LEXIS 54189 *8 (E.D. Wis. 2008), recent cases "suggest that *Rule 35* examinations are not to be *de facto* adversarial exams." Here, there is no indication of unfairness or any concrete reason to conclude that Dr. Swanson would attempt to take advantage of the plaintiff during the examination. Therefore, the plaintiff's request for the presence of a third party observer at the plaintiff's examination will be denied. As previously noted, however, Dr. Swanson will permit the plaintiff's mother to sit in on her initial interview with the plaintiff, as long as she does not interfere with the interview or answer on behalf of the plaintiff.

The plaintiff requests that the time-frame of the examination be limited to 9:00 a.m. to 4:00 p.m. with breaks every hour and a lunch break. The defendant has not responded to the plaintiff's request. The amount of time for the examination at this juncture seems to be appropriate. However, the length of time in one day for the examination might be difficult for the plaintiff. Such determination is best left to the professional judgment of the Dr. Swanson, in consultation with counsel for the parties, if necessary.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to compel the independent psychological examination of the plaintiff be and hereby is **granted**. (Docket #25).

**IT IS FURTHER ORDERED** that a telephone scheduling conference on **September 1, 2011 at 2:00 p.m.** to discuss discovery schedules. The court will initiate the call.

Dated at Milwaukee, Wisconsin this 23rd day of August, 2011.

.                                                                BY THE COURT:


    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge